FORET, Judge.
Defendant, Ricky Lane Breaux, was charged with the crime of simple burglary, in violation of LSA-R.S. 14:62. On September 28, 1983, a six-member jury found the defendant guilty as charged. The trial court sentenced defendant to ten years at hard labor. Defendant has appealed this conviction, asserting one assignment of error. The sole issue presented by this appeal is whether the trial court erred in allowing the prosecution to introduce an inculpatory statement made by defendant absent the notice required by LSA-C.Cr.P. Art. 768.
FACTS
During the early morning hours of September 29, 1982, a burglary occurred at Taylor's Lounge, located in St. Martin Parish near the town of Arnaudville. The entry of the lounge set off a burglary alarm which rang at the owner’s house which was located 100 to 150 feet away. While his wife called the police, the owner drove to the lounge to investigate. On his way to the lounge, the owner spotted a car parked some 100 feet past the lounge. He felt the hood of the car and found that it was still warm. Meanwhile, the owner’s wife, who was still at the couple’s home, heard someone running through a bean field which grew next to the lounge. A subsequent investigation by the police showed that there had been a forced entry into the lounge and that someone had broken into the coin boxes on the pool table and juke box.
Later that morning, the investigating officer received a telephone call from defendant, Ricky Lane Breaux, who was inquiring about his car. Defendant admitted that the car found at the scene of the burglary was his. The investigating officer asked defendant to come in to his office the next day, and, when defendant arrived, he was wearing a plaster cast on his right leg. Defendant told the investigating officer that he had broken his leg four weeks *924 earlier in New Orleans. Defendant claimed that he had loaned his car to a girl named Cathy; however, he was never able to produce this person nor provide police with her last name.
At the trial of this matter, Natalie Le-Blanc testified that, at the time of the break-in, she was living in a trailer with her boyfriend and defendant. She testified that defendant’s uncle, Claude Comeaux, had brought defendant back to the trailer the day of the break-in and that defendant’s clothing had been covered with mud. She testified that defendant told her that he had broken into Taylor’s Lounge and had to flee when someone drove up. She further testified that defendant did not have a cast on his leg when he arrived at the trailer, but that after speaking to the investigating officer on the telephone, he left the trailer and returned with plaster of paris, which he used to fashion a cast on his right leg.
DEFENDANT’S INCULPATORY STATEMENT
At trial, Ms. LeBlanc testified that while in a holding cell next to her, defendant had asked her not to testify because she was the only witness against him. The defense attorney objected to this testimony since no notice of the State’s intention to use this statement of defendant had been given as required by LSA-C.Cr.P. Art. 768. The trial court overruled the defense’s objection and permitted the testimony.
Art. 768 requires that when a defendant has not been granted pre-trial discovery, the State must, prior to the State’s opening statement, advise the defendant in writing of any confession or inculpatory statement which the State intends to introduce. In the present case, the defendant was not granted pre-trial discovery, and the State did not give notice of its intention to introduce the statement made by defendant to Natalie LeBlanc while the two were in holding cells.
In its brief, the State argues that the statement in question was not inculpa-tory and therefore that Art. 768 did not apply. The jurisprudence has defined an inculpatory statement as an out of court admission which relates to past events. It admits the facts, circumstances, or involvement which implicates or incriminates the speaker in the commission of the crime. State v. Quimby, 419 So.2d 951 (La.1982); State v. Willis, 438 So.2d 605 (La.App. 3 Cir.1983). Although we have doubt that defendant’s statement to Ms. LeBlanc is truly an inculpatory statement since it did not admit a fact, circumstances, or involvement, but was in fact a request, we will consider it as an inculpatory statement for the purposes of Art. 768 since the jury could have inferred that defendant was guilty based on his having made the statement.
Art. 768 requires that the State give notice, before its opening statement, of any inculpatory statements made by defendant which it intends to introduce at trial. Arguably, if the statement was made by defendant after the State’s opening argument, the notice requirement of Art. 768 should not apply since it would require the State to do the impossible. In the present case, however, it is unclear exactly when the statement in question was made.
Even if we assume that the statement was made and the intention to introduce it was formed prior to the State’s opening statement, the admission of the statement would not invariably constitute reversible error. The failure to provide a defendant with a notice required by Art. 768 may be harmless error where the remaining evidence of guilt is overwhelming. State v. Quimby, supra; State v. Neslo, 433 So.2d 73 (La.1983). In the present case, the evidence of defendant’s guilt was overwhelming, and any error in admitting the subject statement was harmless. The defendant’s car was found with a still warm engine parked near the lounge while the burglary was apparently in progress. The owner’s wife heard someone running through the nearby bean field after her husband drove over to the lounge. The next morning Natalie LeBlanc saw defend *925 ant with mud on his clothing. He told Ms. LeBlanc that he had been inside Taylor’s Lounge when he heard someone driving up and he had had to abandon his car and escape on foot. He told police that he had loaned his car to someone named Cathy, but he could never produce this person nor provide police with her last name. Ms. LeBlanc testified that, after speaking to the investigating officer, defendant applied a plaster cast to his own leg. The following day, defendant told police that he had broken his leg four weeks earlier. Defendant’s uncle, Claude Comeaux, testified that he had picked defendant up at a roadside restaurant the morning of the break-in. He also testified that defendant’s clothing was covered with mud. The evidence of defendant’s guilt was overwhelming, and any error in not providing the notice required by Art. 768 was harmless.
DECREE
For the foregoing reasons, the conviction and sentence of defendant are affirmed.
AFFIRMED.